UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DeJuan Haywood Haggins,

    Plaintiff,

v.

Ramsey County et al,

    Defendants.

Civ. No. 12-1105 (DWF/LIB)

**REPORT AND RECOMMENDATION**

---

    Plaintiff commenced this action by filing a civil complaint and an application for leave to proceed in forma pauperis (IFP). (See Docket Nos. 1 and 2).

    In its June 8, 2012 Order, the Court did not grant Plaintiff's IFP application but instead stayed the action for three months to afford plaintiff an opportunity to pay his initial partial filing fee. (See Order [Docket No. 5] at 1-4). The Court advised Plaintiff that if he paid his initial partial filing fee of $89.06, as calculated in the Court's prior order (see Order [Docket No. 3]), the action would proceed forward but that if he failed to pay the full amount of his initial partial filing fee within three months of the Court's order, he will be deemed to have abandoned the action and the Court will recommend that it be summarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). (Id. at 4).

    Plaintiff then filed a letter to the District Court Judge objecting to the Court's order and stating that he would pay the filing fee in "due time." (Letter [Docket No. 6] at 2). The Honorable Donovan W. Frank found Plaintiff's appeal to be "without merit" and affirmed the June 8, 2012 Order requiring Plaintiff to pay the full amount of the partial filing fee. (Order [Docket No. 7]).

1

Under the Court's June 8, 2012 Order, Plaintiff was required to pay his initial partial filing fee by September 8, 2012. As of today's date, Plaintiff has not made any payment toward the initial partial filing fee nor has he presented any evidence of new circumstances that would prevent him from doing so.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the Court's prior order, and for the reasons more fully stated in the Court's June 8, 2012 Order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); <u>Henderson v. Renaissance Grand Hotel</u>, 267 Fed. Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").

Based upon the above, and upon all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. That the Plaintiff's Complaint [Docket No. 1] be DISMISSED WITHOUT PREJUDICE, for failure to comply with this Court's Order of June 8, 2012, and for lack of prosecution.

Dated: October 4, 2012                     s/Leo I. Brisbois
                                           LEO I. BRISBOIS
                                           United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 18, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the

objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.